UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

THOMAS WOODROE RICE,                          CASE NO. 04-08460-8-JRL

    DEBTOR.

THOMAS WOODROE RICE,

    PLAINTIFF,

v.                                            ADVERSARY PROCEEDING
                                              NO. 05-00106-8-JRL
JOHN M. CRAWFORD,
MILTON NOWELL, JR., and
CINTHIA THORNTON,

    DEFENDANTS.

## O R D E R

This adversary proceeding is before the court *sua sponte* for consideration of the court's subject matter jurisdiction. For the reasons stated below, the court concludes that it has no subject matter jurisdiction over the plaintiff's claims.

### Background

Thomas Woodroe Rice filed a petition for relief under chapter 13 of the Bankruptcy Code on November 1, 2004. Disclosures in his petition, schedules, and statements indicated that he was an inmate of the North Carolina Department of Correction housed at Neuse Correctional Institute, a minimum custody facility located in Goldsboro, North Carolina. Because he had no current income, Mr. Rice was not eligible to file chapter 13; however, by motion he alleged that he met the eligibility requirements for North Carolina's work release program and was being wrongfully denied permission

to participate in that program. Among other requests, Mr. Rice asked that this court order the Department of Correction to place him on work release so that he could fund his chapter 13 plan.

Mr. Rice's petition eventually prompted motions to dismiss by the chapter 13 trustee and by Litton Loan Servicing, LP ("Litton"). A review of these motions uncovered the fact that his most recent case was the debtor's fourth chapter 13 filing in this district in the past four years.[1] Each of his three earlier cases was dismissed for cause and without confirmation of a plan.[2] Litton, the debtor's primary secured creditor, filed a proof of claim in the most recent case asserting a mortgage arrearage claim in the amount of $38,754.78. Litton's motion to dismiss asserted that the debtor was due for August 2001 and each month thereafter, placing him forty-two months behind on the mortgage. Because of the large mortgage delinquency, the trustee found that a monthly payment of $755/month was the minimum requirement for a confirmable plan for this debtor. The trustee's motion to dismiss indicated that the debtor is delinquent under the plan in the amount of $1570 as of February 3, 2004.

On April 15, 2005, the court entered an order dismissing Mr. Rice's bankruptcy case and barring him from refiling for a period of 180 days. The April 15 order also granted Litton immediate relief from the automatic stay and warned that the automatic stay would not be reimposed should the debtor file bankruptcy in violation of the 180 day bar.

Ten days before the case was dismissed, on April 5, 2005, the debtor submitted the complaint in this adversary proceeding to the court. The complaint and all associated documents are captioned

---

[1]Further review of the court's docket has uncovered a fifth case that was filed and dismissed in 1992.

[2]Case number 01-08622-8-JRL was dismissed on November 7, 2001. Case number 02-09515-8-JRL was dismissed on March 11, 2003. Case number 03-07693-8-JRL was dismissed on February 16, 2004.

2

"United States District Court," and the substance of the complaint concerns the conditions of Mr. Rice's confinement at Neuse Correctional Center. As a result, the clerk believed that the bankruptcy court had been mailed a copy of a complaint filed by Mr. Rice with the United States District Court. The complaint was date stamped on April 5, 2005 and filed with miscellaneous correspondence associated with Mr. Rice's case. In a subsequent communication from Mr. Rice, the clerk learned that he intended this filing to initiate an adversary proceeding in this court. Accordingly, the complaint was subsequently docketed and is properly before the court.

**Discussion**

Pursuant to 28 U.S.C. §§ 157(a) and 1334, this court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. As used in § 1334, "title 11" refers to title 11 of the United States Code, otherwise known as the Bankruptcy Code. The effect of § 157(a) and § 1334 is that this court has subject matter jurisdiction over only the following three types of proceedings: (1) bankruptcy cases, (2) matters arising in bankruptcy cases, and (3) matters that are related to bankruptcy cases. These are the only types of cases that may be heard and decided in bankruptcy court.

It is absolutely clear that the court and all parties have an obligation to raise questions of subject matter jurisdiction at any time. "If federal jurisdiction is not apparent, the court not only will, but must, refuse to proceed with the determination of the merits of the controversy, unless this failure can be cured. This is true regardless of what stage the case may be in, and whether the defect is called to the court's attention by suggestion of the parties, or otherwise . . . ." Florida Lime & Avocado Growers, Inc. v. Jacobsen, 169 F. Supp. 774, 775-776 (N.D. Cal. 1958). It is well-settled that a lack of subject matter jurisdiction must, if noted, be raised by the court itself. See, e.g., Ruhrgas AG v.

Marathon Oil Co., 119 S. Ct. 1563, 1570 (1999) ("subject-matter delineation must be policed by the courts on their own initiative even at the highest level").

Applying these rules, this court finds that it lacks subject matter jurisdiction over this proceeding for two reasons. First and foremost, the underlying bankruptcy case has been dismissed. Without a pending bankruptcy case, this court simply does not have jurisdiction under § 1334. Second, even if the underlying case had not been dismissed, the substance of the complaint concerns the conditions of Mr. Rice's confinement and is not within § 1334.

The defendants named in this action are the Superintendent, Assistance Superintendent, and Director of Programs at Neuse Correctional Institution. Mr. Rice alleges that these three individuals have: "meddled into [his] legal affairs," refused to place him on work release, punitively transferred him to another facility, and discriminated against him on the basis of his race and because of prior unrelated incidents. Jurisdiction over claims of this sort does not arise under § 1334 and would never be proper in a bankruptcy court. Instead, these claims must be brought at the United States District Court where subject matter jurisdiction could properly be based on 28 U.S.C. § 1983.

## Conclusion

Based on the foregoing, the court *sua sponte* finds that it lacks subject matter jurisdiction over the plaintiff's complaint, and this action is, accordingly, DISMISSED.

**So Ordered.**

**Dated: May 20, 2005**

*J. Rich Leonard*
**J. Rich Leonard**
**United States Bankruptcy Judge**

4